## IN THE UNITED STATES COURT OF APPEALS
## DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| In re: LARRY ELLIOT KLAYMAN | No: 22-8521 |
| Respondent | (District of Columbia Court of Appeals, No. 20-BG-583) |

**RESPONDENT LARRY KLAYMAN'S MOTION TO RECUSE OR DISQUALIFY THE HONORABLE ROBERT WILKINS, JUSTIN WALKER AND KAREN LECRAFT HENDERSON PURSUANT TO 28 U.S.C. § 455 AND TO REFER MATTER TO ANOTHER JURISDICTION WHERE CONSIDERATION OF RECIPROCAL DISCIPLINE IS PENDING <u>AND TO CANCEL ORAL ARGUMENT NOW SET FOR MAY 9, 2023</u>**

Respondent Larry Klayman ("Mr. Klayman") hereby moves this Court for an order recusing or disqualifying the Honorable Robert Wilkins ("Judge Wilkins"), the Honorable Justin Walker ("Judge Walker") and the Honorable Karen LeCraft Henderson ("Judge Henderson") (collectively the "Panel") pursuant to 28 U.S.C. § 455, which states:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party

As shown conclusively below, Mr. Klayman has more than met the burden to show that a strong bias or prejudice by not only the Panel, but the entire Court, exists

against him and this matter must be transferred to another neutral, unbiased jurisdiction.

## **LEGAL STANDARD**

An impartial judiciary is a fundamental component of the system of justice in the United States. The right to a "neutral and detached judge" in any proceeding is protected by the U.S. Constitution and is an integral part of maintaining the public's confidence in the judicial system. *Ward v. City of Monroeville*, 409 U.S. 57, 61-62 (1972); *see also Marshall v. Jerrico, Inc.*, 446 U.S. 238, 243 (1980) (The U.S. Constitution guarantees a party an impartial and disinterested tribunal in civil cases). To ensure that this right is protected, Congress has sought to secure the impartiality of judges by requiring them to step aside, or in some circumstances, disqualify themselves, in various circumstances.

Courts have found that "**the cumulative effect of the 'repeated misapplication of fundamental, rudimentary legal principles that favor[] [one party] substantively and procedurally' can be the basis for recusal**." *Krohn v. Krohn*, 2015 Tenn. App. LEXIS 766, at *18 (Ct. App. Sep. 22, 2015); *Hoalcraft v. Smithson*, 2001 Tenn. App. LEXIS 489, at *52 (Ct. App. July 10, 2001). Thus, in sum, if a jurist's decision is so egregiously wrong and so removed if not defiant from and of the facts and the law, as is true here, bias and prejudice can be presumed. A federal judge is presumed to know and follow the law, and

when he or she blatantly defies the law, it is clear that extrajudicial bias and prejudice exists.

## **LEGAL ARGUMENT**

The Panel's, as well as the entire Court's, conduct throughout this matter has more than been egregiously shown to manifest the requisite extrajudicial bias and prejudice that mandates recusal or disqualification under 28 U.S.C. § 455.

This conduct is set forth in Mr. Klayman's complaint for injunctive and declaratory relief filed in the District of Columbia Superior Court, attached hereto as Exhibit A and incorporated by reference. This complaint details the Panel and the Court's steadfast refusal to not only review the record, but to even have access to record materials, which mandates the only possible conclusion that they are simply not concerned with and indeed could care less about the facts and the law on this matter and are driven solely by extrajudicial biases and prejudices that have manifested in a pre-determined mindset.

Now, on top of this blatantly improper conduct, the Panel has refused to even grant Mr. Klayman an additional ten minutes at oral argument, despite there not even being an "opposing" side that also needs to be allotted time. This further supports the only possible conclusion from the Panel and Court's course of conduct that they simply are not concerned with and could care less about the facts

and the law, and do not want to face Mr. Klayman on the facts and the law. In sum, the Panel and the Court have not even tried to somewhat hide the fact that they are going to be ruling based on extrajudicial factors, and therefore have turned this entire matter into a travesty if not mockery of justice.

Lastly, this improper, extrajudicial mindset has regrettably not been limited to just the Panel, but the entire Court, as Mr. Klayman has sent letters to the Chief Judge of this Court, the Honorable Sri Srinivasan, detailing the egregious judicial misconduct that that occurred in his Court, respectfully requesting that as Chief Judge he step to redress the denial of Mr. Klayman's constitutional rights, and he has even refused to take any action to enforce the integrity of his own Court. Exhibit B. Thus the entire Court must be disqualified and this matter transferred to another truly neutral and unbiased jurisdiction, so that the critical issue of reciprocal discipline can be decided on the facts and the law and not on personal grudges, extrajudicial biases, or other inappropriate factors which smack of retaliation against Mr. Klayman based in large part on his criticism of certain members of this Court  and in this Circuit on its lower Court, in the past, as detailed in his recent book, published by Post Hill Press, "It Takes a Counter-Revolution: Wake Up America!," and the Judicial Council ethics complaints he had been forced to file based on their  judicial misconduct. Pending such transfer, this matter must be stayed in the interests of fundamental fairness and Mr.

Klayman's due process and other legal rights, and the oral argument now set for May 9, 2023, cancelled as the members of the Panel hearing this matter have a manifest conflict of interest, as they are now regrettably defendants as set forth in Exhibit A. As such they have a personal interest in now ruling against Mr. Klayman and must now recuse themselves from taking any further action against him, especially not until the complaint is fully litigated. *See e.g. Judicial Code of Conduct for Federal Judges Canon 3(C)* ("A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which: (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.")

DATED: May 4, 2023                          Respectfully submitted,


                                            /s/ Larry Klayman
                                            Larry Klayman, Esq.
                                            Klayman Law Group, P.A.
                                            7050 W. Palmetto Park Road
                                            Boca Raton, FL 33433
                                            Email: leklayman@gmail.com
                                            Tel: 561-558-5336

                                            *Respondent Pro Se*

## <u>CERTIFICATE OF COMPLIANCE</u>

This document complies with the type-volume limits because, excluding the parts of the document exempted, this document contains 984 words.

<u>/s/ Larry Klayman</u>

## <u>CERTIFICATE OF COUNSEL</u>

I hereby certify that this motion is being made in good faith.

<u>/s/ Larry Klayman</u>

# EXHIBIT A

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

LARRY KLAYMAN
7050 W. Palmetto Park Rd
Boca Raton FL 33433

        Plaintiff,

v.

HON. NEOMI RAO
c/o 333 Constitution Ave NW
Washington DC 20001

   and

HON. ROBERT L. WIKLINS
c/o 333 Constitution Ave NW
Washington DC 20001

   and

HON. KAREN LECRAFT HENDERSON
c/o 333 Constitution Ave NW
Washington DC 20001

   and

HON. GREGORY G. KATSAS
c/o 333 Constitution Ave NW
Washington DC 20001

   and

HON. JUSTIN R. WALKER
c/o 333 Constitution Ave NW
Washington DC 20001

        Defendants.

**COMPLAINT FOR INJUNCTIVE AND
OTHER EQUITABLE
RELIEF**


**2023-CAB-002616**

## I.      INTRODUCTION

Plaintiff LARRY KLAYMAN ("Mr. Klayman") brings this action against HON. NEOMI RAO, HON. ROBERT L. WIKLINS, HON. KAREN LECRAFT HENDERSON, HON. GREGORY G. KATSAS, and HON. JUSTIN R. WALKER, for injunctive and other equitable relief for egregious and blatant violations of his constitutional and other legal rights.

## II.     JURISDICTION

The Court has jurisdiction to hear this claim for injunctive and equitable relief pursuant to *Pulliam v. Allen*, 466 U.S. 522 (1984).

## III.     PARTIES

### Plaintiff

1.      LARRY KLAYMAN is an individual, natural person, who at all material times was and is a citizen of Florida.

### Defendants

2.      HON. NEOMI RAO ("Judge Rao") is on information and belief an individual and a citizen of the District of Columbia. She is a judge at the U.S. Court of Appeals for the District of Columbia Circuit ("D.C. Circuit").

3.      HON. ROBERT L. WILKINS ("Judge Wilkins") is on information and belief an individual and a citizen of the District of Columbia. He is a judge at the D.C. Circuit.

4.      HON. KAREN LECRAFT HENDERSON ("Judge Henderson") is on information and belief an individual and a citizen of the District of Columbia. She is a judge at the D.C. Circuit.

5.      HON. GREGORY G. KATSAS ("Judge Katsas") is on information and belief an individual and a citizen of the District of Columbia. He is a judge at the D.C. Circuit.

6.      HON. JUSTIN R. WALKER ("Judge Walker") is on information and belief an individual and a citizen of the District of Columbia. He is a judge at the D.C. Circuit.

## IV.     STANDING

7.      Mr. Klayman has standing to bring this action because he has been directly affected, harmed, and victimized by the unlawful conduct complained herein. His injuries are proximately related to the conduct of Defendants, each and every one of them, jointly and severally, conspiring to act in concert.

## V.     FACTS

8.       This case centers around the unconstitutional and other illegal actions of Defendants, each and every one of them, acting in concert, in not just violating their oath of office as federal judges to be fair, neutral, impartial, honest and to rule on the facts and the law rather than extrajudicial bias and prejudice,  regardless of the person who may appear before them,  but worse violating Mr. Klayman's rights and discriminating against him in *In re Klayman*, 22-8521 (D.C. Cir.), which is the reciprocal discipline proceeding (the "Reciprocal Discipline Proceeding") based on the Suspension Order and Judgment of the District of Columbia Court of Appeals in *In re Klayman*, 20-BG-583 (D.C.C.A.) (the "Suspension Order").

9.      When the Reciprocal Discipline Proceeding was instituted, it was assigned to a panel consisting of Judge Henderson, Judge Katsas, and Judge Rao. Later on, in or around April of 2023, it was reassigned to a new panel consisting of Judge Henderson, Judge Wilkins, and Judge Walker.

10.     Throughout the course of the Reciprocal Discipline Proceeding, the five (5) Defendants who have been included in the two panels have issued a number of highly prejudicial, unsupportable, and frankly unprecedented, unjustified rulings that have severely

hampered and harmed Mr. Klayman's ability to present any meaningful defense. These rulings, as set forth below, are in clear violation of Mr. Klayman's sacrosanct constitutional due process and other rights.

11.    *First*, on at least two separate occasions, Mr. Klayman moved the Panel for a stay of the Reciprocal Discipline Proceedings pending the outcome of his challenges to the underlying Suspension Order pursuant to D.C. Superior Court Civil Rule 60, *Klayman v. Sataki et al*, 22-CAB-5235 (D.C. Sup. Ct.) (the "Rule 60 Complaint").

12.    Mr. Klayman more than convincingly explained that (1) every other jurisdiction considering the issue of reciprocal discipline has stayed its own proceeding pending the outcome of Mr. Klayman's challenges to the underlying Suspension Order because it saw the strong merits of the Rule 60 Complaint on its face, (2) a favorable outcome in Mr. Klayman's challenge to the underlying Suspension Order would necessarily moot out the issue of reciprocal discipline, and (3) a stay is therefore the only rational way to proceed because either Mr. Klayman is successful and this entire matter is mooted out, thus saving enormous time and expense for everyone involved, or Mr. Klayman is unsuccessful and this matter can just resume at a later date. Thus, in sum, had a stay been granted as it was in every other jurisdiction, there would have been absolutely no downside or prejudice to anyone, and indeed, only the possible upside of conserving the limited time and resources of both Mr. Klayman as well as the Panel.

13.    Despite this, the Panel consisting of Judges Rao, Katsas, and Henderson without any rational basis denied this simple, logical and rational request on February 21, 2023, and the Panel consisting of judges Henderson, Wilkins, and Walker also denied the same without any rational basis on April 27, 2023.

14.     *Second*, Mr. Klayman moved to submit and file a USB Drive containing the entire record at the Board on Professional Responsibility ("Board") level for the benefit of the Panel so that they would have access to all of the relevant documents it needed in order to make a ruling based on the facts of the case. Even this incredibly basic request was denied in a *per curiam* order of April 3, 2023 with zero explanation.

15.     This was despite the fact that Mr. Klayman more than convincingly explained that (1) every other jurisdiction that was considering the issue of reciprocal discipline accepted an identical USB drive for filing, and many even *sua sponte* ordered that one be filed so that they would at least have access to the entire record at the Board level for their review, and (2) it simply would have been impossible to in any efficient or realistic way provide the Panel with paper copies of the entire Board record due to the fact that it was extremely voluminous, with the USB drive itself comprising over 1 gigabyte of data. This, of course, explains why every other jurisdiction either accepted or requested an identical USB drive—it is the only practical way to present the necessary record documents to enable a ruling and determination based on the facts and the law.

16.     *Third*, on the heels of the Panel's frankly unjustified refusal to accept the USB drive, Mr. Klayman then undertook the great time and expense to copy off the transcripts of the lengthy six (6) day hearing before the Ad Hoc Hearing Committee ("AHHC") in the form of a Supplemental Appendix. Mr. Klayman even took the additional time to comb through the transcripts and point out specific portions of the Supplemental Appendix that contained especially relevant and compelling testimonial evidence which shows why that Mr. Klayman did not commit any ethical violations and where the Complainant, Elham Sataki ("Ms. Sataki") was repeatedly impeached.

17.     Even this entirely routine request was unbelievably denied by the Panel consisting of Judges Henderson, Wilkins, and Walker.

18.     Other than as a result of rank retaliation for  publishing criticism of  members of the D.C. Circuit, as well as filing civil complaints and good faith ethical grievances before the Judicial Council of the D.C. Circuit  to investigate bona fide charges judicial misconduct, as set forth in paragraph 20, below, it is frankly, completely incomprehensible why these exceedingly routine and simple requests were denied by the Panel, as there is absolutely no prejudice to the Panel to simply **having  access** to the record. As Mr. Klayman argued in his Motion for Additional Time and Oral Argument and Supplement to Motion for Leave to File Supplemental Appendix and Motion to Stay, even if the Panel, at that  very moment, in good faith believed that the record was not necessary to make a ruling, there is simply no harm in just **having access** to the record should any issues or questions arise. However, this dogged refusal to even accept access to the record by the Panel can only lead to one possible conclusion – that the Panel has already made up its mind based on extrajudicial factors and bias and prejudice, and that the actual facts contained in the record, no matter how exculpatory, will not change the Panel's predetermined mindset. This is the only possible explanation for the Panel's steadfast refusal to even have access to the record. And, as the Panel is surely aware, such conduct is a clear and unequivocal violation of the oath of office  that every federal judge in this Court swore, under oath, prior to taking the bench.

19.     Furthermore, the  fact  that  the  Defendants here  in  the  Reciprocal  Discipline Proceeding have, at every single step of the way, deviated from the actions of every other relevant jurisdiction in the country is proof positive that they are being driven not by the facts and the law, but on extrajudicial factors and bias a prejudice that are wholly inappropriate for the

Defendants to rely upon. This is far from a logical leap. Every other jurisdiction has taken steps to ensure that they have the most possible information prior to making a ruling – evidencing a mindset of intent to apply the law to the record facts. On the other hand, the Defendants have openly exhibited a mindset of hastily rushing through the Reciprocal Discipline Proceeding with as little information as possible, therefore indisputably evidencing a pre-determined mindset not based on the facts and law.

20.     Then, on top of all the egregious injustices set forth above, the Panel only allotted Mr. Klayman a mere ten (10) minutes for oral argument, despite there being no opposing party, far short of the normal at least twenty (20) minutes allotted to normal oral arguments. This will only be underscored by the near certainty that the Panel will drain most if not all of Mr. Klayman's allotted time with its own prejudicial statements and diatribe  and prevent Mr. Klayman from having any chance to actually present an bona fide oral argument to advance his interests.

21.     The extrajudicial, predetermined biased and prejudicial mindset exhibited by the Defendants is likely due to the fact that Mr. Klayman has named them as Defendants in prior lawsuits, has filed Judicial Council Complaints against them, and has been openly critical of many of the members of the U.S. Court of Appeals for the District of Columbia Circuit in his capacity as a public interest advocate and in his latest book, "*It Takes a Counter-Revolution: Wake Up America!*" (Post Hill Books, 2022). However, as this Court, as well as the Defendants, surely know but do not care, this is not a proper basis upon which to make judicial rulings.

22.     Respectfully, it is not Defendants' job to simply brush off and dismiss  their duties as federal judges that for whatever reason they do not want to do, whether it be due to personal dislike of and animus toward the Appellant, Mr. Klayman, or for other reasons.

Defendants were appointed to perform their duties of applying the law to the facts, regardless of any personal biases. This is required by the oath of office for federal judges:

> I do solemnly swear that I will administer justice **without regard to persons**, and do equal right to the poor and to the rich, and that I will impartially discharge and perform all the duties incumbent upon me as judge under the Constitution and laws of the United States. So help me God. 28 U.S.C. § 453 (emphasis added).

23.     Mr. Klayman has thus been severely harmed by the Defendants, as his due process rights pursuant to the Fourteenth Amendment of the Constitution and the Fifth Amendment to the Constitution have been severely violated, as he has been given absolutely no opportunity for a fair adjudication on the merits on the Reciprocal Discipline Proceeding.

24.     Mr. Klayman therefore respectfully requests injunctive and equitable relief against the Defendants ordering them to (1) accept the USB record for filing, (2) accept the Supplemental Appendix for filing and (3) to thoroughly review both of these submissions in order to enable them to make a ruling that is based in fact and law and not based upon extrajudicial biases and prejudices.

25.     Mr. Klayman further respectfully requests that this matter be transferred to another court which is now considering reciprocal discipline   as this case will necessarily hinge upon members of this Court ruling, inter alia, on the misconduct of their colleagues, in violation of Plaintiff's constitutional and other legal rights, which creates a strong conflict of interest. Transfer to an impartial venue is therefore necessary in the interest of Mr. Klayman's due process and other rights, as well as the interests of justice in general.

### FIRST CAUSE OF ACTION
*Civil Action for Deprivation of Rights*
*Against All Named Defendants*
**Fourteenth Amendment Due Process**

26.     Mr. Klayman repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

27.     Defendants' actions and omissions, each and every one of them acting in concert as joint tortfeasors, constituted a violation to Mr. Klayman constitutional rights secured by the Due Process clause of the Fourteenth Amendment.

28.     Defendants denied Mr. Klayman due process by (1) failing to stay the Reciprocal Discipline Proceedings pending the outcome of Mr. Klayman's challenges to the Suspension Order, (2) failing to accept the USB drive containing the Board record for filing, and (3) failing to accept the Supplemental Appendix for filing.

29.     In doing so, Defendants have openly exhibited and, in essence admitted, that they will not be considering the facts and the law with regard to the Reciprocal Discipline Proceeding and will instead be making a decision solely on extrajudicial factors and bias and prejudice.

30.     Thus, Defendants have denied Mr. Klayman due process by taking away meaningful access to the legal system, taking away his ability to meaningfully seek appeal, and taking away his right to have his cases actually heard and considered by the judicial system.

31.     Defendants' actions were intentional, malicious, willful, wanton, and in gross and reckless disregard of Mr. Klayman's constitutional rights.

32.     Mr. Klayman prays for injunctive and equitable relief against the Defendants ordering them to (1) accept the USB record for filing, (2) accept the Supplemental Appendix for filing and (3) to thoroughly review both of these submissions in order to enable them to make a ruling that is based in fact and law and not based upon extrajudicial biases and prejudices.

33.     Mr. Klayman prays that the Reciprocal Discipline Proceeding be transferred to another court which is considering reciprocal discipline,  as this case will necessarily hinge upon

9

members of this Court ruling on the misconduct of their colleagues, in violation of Plaintiff's constitutional and other legal rights, which creates a strong conflict of interest.

**SECOND CAUSE OF ACTION**
*Civil Action for Deprivation of Rights*
*Against All Named Defendants*
**Fifth Amendment Due Process**

34.    Mr. Klayman repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

35.    Defendants' actions and omissions, each and every one of them acting in concert as joint tortfeasors, constituted a violation to Mr. Klayman constitutional rights secured by the Due Process clause of the Fourteenth Amendment.

36.    Defendants denied Mr. Klayman due process by (1) failing to stay the Reciprocal Discipline Proceedings pending the outcome of Mr. Klayman's challenges to the Suspension Order, (2) failing to accept the USB drive containing the Board record for filing, and (3) failing to accept the Supplemental Appendix for filing.

37.    In doing so, Defendants have openly exhibited and, in essence admitted, that they will not be considering the facts and the law with regard to the Reciprocal Discipline Proceeding, and will instead be making a decision solely on extrajudicial factors and bias and prejudice.

38.    Thus, Defendants have denied Mr. Klayman due process by taking away meaningful access to the legal system, taking away his ability to meaningfully seek appeal, and taking away his right to have his cases actually heard and considered by the judicial system.

39.    Defendants' actions were intentional, malicious, willful, wanton, and in gross and reckless disregard of Mr. Klayman's constitutional rights.

40.    Mr. Klayman prays for injunctive and equitable relief against the Defendants ordering them to (1) accept the USB record for filing, (2) accept the Supplemental Appendix for

filing and (3) to thoroughly review both of these submissions in order to enable them to make a ruling that is based in fact and law and not based upon extrajudicial bias and prejudice.

41.    Mr. Klayman prays that the Reciprocal Discipline Proceeding be transferred to another court which is considering reciprocal discipline where he is admitted, either , as this case will necessarily hinge upon members of this Court ruling on the misconduct of their colleagues, in violation of Plaintiff's constitutional and other legal rights, which creates a strong conflict of interest.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against each of the Defendants, jointly and severally, for declaratory and preliminarily and permanent injunctive relief, and any other further relief the Court deems just and proper, for the prejudicial, intentional, reckless, illegal, unconstitutional and malicious acts of the Defendants, each and every one of them, jointly and severally, against Mr. Klayman. Defendants should thus be ordered to send this matter to another Court which is considering reciprocal discipline and to rule that the entire record should be reviewed to reach a just decision based on the facts and the law, rather than personal bias and prejudice and the apparent agenda to retaliate against Mr. Klayman as set forth above.

Dated: May 1, 2023                              Respectfully submitted,


                                        */s/ Larry Klayman*
                                        Larry Klayman
                                        KLAYMAN LAW GROUP, P.A.
                                        7050 W. Palmetto Park Rd
                                        Boca Raton, FL, 33433
                                        Email: leklayman@gmail.com

                                        *Plaintiff Pro Se*

# EXHIBIT B

# KLAYMAN LAW GROUP

A PROFESSIONAL ASSOCIATION

Larry Klayman, Esq.

7050 W. Palmetto Park Rd
Boca Raton, FL, 33433

Tel: 561-449-0898
leklayman@gmail.com

May 2, 2023

Via Federal Express (Priority Delivery)



**URGENT**

Honorable Sri Srinivasan
Chief Judge
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Ave NW
Washington, DC, 20001

**Re:    In Re: Larry Klayman, Case No. 22-8521**

Dear Chief Judge Srinivasan:

As the chief judge who is encharged to oversee the U.S. Court of Appeals for the District of
Columbia Circuit, I am putting you on notice that I had to file the enclosed complaint against
several judges of your Court. This proved necessary after you and your Judicial Council
predictably failed to take remedial action concerning their judicial ethics violations, and illegal
flouting of my constitutional due process rights.

Sincerely,

Larry Klayman, Esq.

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

LARRY KLAYMAN
7050 W. Palmetto Park Rd
Boca Raton FL 33433

          Plaintiff,

v.

HON. NEOMI RAO
c/o 333 Constitution Ave NW
Washington DC 20001

    and

HON. ROBERT L. WIKLINS
c/o 333 Constitution Ave NW
Washington DC 20001

    and

HON. KAREN LECRAFT HENDERSON
c/o 333 Constitution Ave NW
Washington DC 20001

    and

HON. GREGORY G. KATSAS
c/o 333 Constitution Ave NW
Washington DC 20001

    and

HON. JUSTIN R. WALKER
c/o 333 Constitution Ave NW
Washington DC 20001

          Defendants.

**COMPLAINT FOR INJUNCTIVE AND
OTHER EQUITABLE
RELIEF**

I.     **INTRODUCTION**

1

Plaintiff LARRY KLAYMAN ("Mr. Klayman") brings this action against HON. NEOMI RAO, HON. ROBERT L. WIKLINS, HON. KAREN LECRAFT HENDERSON, HON. GREGORY G. KATSAS, and  HON. JUSTIN R. WALKER, for injunctive and other equitable relief for egregious and blatant violations of his constitutional and other legal rights.

## II.     JURISDICTION

The Court has jurisdiction to hear this claim for injunctive and equitable relief pursuant to *Pulliam v. Allen*, 466 U.S. 522 (1984).

## III.    PARTIES

### Plaintiff

1.      LARRY KLAYMAN is an individual, natural person, who at all material times was and is a citizen of Florida.

### Defendants

2.      HON. NEOMI RAO ("Judge Rao") is on information and belief an individual and a citizen of the District of Columbia. She is a judge at the U.S. Court of Appeals for the District of Columbia Circuit ("D.C. Circuit").

3.      HON. ROBERT L. WILKINS ("Judge Wilkins") is on information and belief an individual and a citizen of the District of Columbia. He is a judge at the D.C. Circuit.

4.      HON. KAREN LECRAFT HENDERSON ("Judge Henderson") is on information and belief an individual and a citizen of the District of Columbia. She is a judge at the D.C. Circuit.

5.      HON. GREGORY G. KATSAS ("Judge Katsas") is on information and belief an individual and a citizen of the District of Columbia. He is a judge at the D.C. Circuit.

6.      HON. JUSTIN R. WALKER ("Judge Walker") is on information and belief an individual and a citizen of the District of Columbia. He is a judge at the D.C. Circuit.

## IV.    STANDING

7.      Mr. Klayman has standing to bring this action because he has been directly affected, harmed, and victimized by the unlawful conduct complained herein. His injuries are proximately related to the conduct of Defendants, each and every one of them, jointly and severally, conspiring to act in concert.

## V.     FACTS

8.       This case centers around the unconstitutional and other illegal actions of Defendants, each and every one of them, acting in concert, in not just violating their oath of office as federal judges to be fair, neutral, impartial, honest and to rule on the facts and the law rather than extrajudicial bias and prejudice,  regardless of the person who may appear before them,  but worse violating Mr. Klayman's rights and discriminating against him in *In re Klayman*, 22-8521 (D.C. Cir.), which is the reciprocal discipline proceeding (the "Reciprocal Discipline Proceeding") based on the Suspension Order and Judgment of the District of Columbia Court of Appeals in *In re Klayman*, 20-BG-583 (D.C.C.A.) (the "Suspension Order").

9.      When the Reciprocal Discipline Proceeding was instituted, it was assigned to a panel consisting of Judge Henderson, Judge Katsas, and Judge Rao. Later on, in or around April of 2023, it was reassigned to a new panel consisting of Judge Henderson, Judge Wilkins, and Judge Walker.

10.     Throughout the course of the Reciprocal Discipline Proceeding, the five (5) Defendants who have been included in the two panels have issued a number of highly prejudicial, unsupportable, and frankly unprecedented, unjustified rulings that have severely

hampered and harmed Mr. Klayman's ability to present any meaningful defense. These rulings, as set forth below, are in clear violation of Mr. Klayman's sacrosanct constitutional due process and other rights.

11.    *First*, on at least two separate occasions, Mr. Klayman moved the Panel for a stay of the Reciprocal Discipline Proceedings pending the outcome of his challenges to the underlying Suspension Order pursuant to D.C. Superior Court Civil Rule 60, *Klayman v. Sataki et al*, 22-CAB-5235 (D.C. Sup. Ct.) (the "Rule 60 Complaint").

12.    Mr. Klayman more than convincingly explained that (1) every other jurisdiction considering the issue of reciprocal discipline has stayed its own proceeding pending the outcome of Mr. Klayman's challenges to the underlying Suspension Order because it saw the strong merits of the Rule 60 Complaint on its face, (2) a favorable outcome in Mr. Klayman's challenge to the underlying Suspension Order would necessarily moot out the issue of reciprocal discipline, and (3) a stay is therefore the only rational way to proceed because either Mr. Klayman is successful and this entire matter is mooted out, thus saving enormous time and expense for everyone involved, or Mr. Klayman is unsuccessful and this matter can just resume at a later date. Thus, in sum, had a stay been granted as it was in every other jurisdiction, there would have been absolutely no downside or prejudice to anyone, and indeed, only the possible upside of conserving the limited time and resources of both Mr. Klayman as well as the Panel.

13.    Despite this, the Panel consisting of Judges Rao, Katsas, and Henderson without any rational basis denied this simple, logical and rational request on February 21, 2023, and the Panel consisting of judges Henderson, Wilkins, and Walker also denied the same without any rational basis on April 27, 2023.

14.    *Second*, Mr. Klayman moved to submit and file a USB Drive containing the entire record at the Board on Professional Responsibility ("Board") level for the benefit of the Panel so that they would have access to all of the relevant documents it needed in order to make a ruling based on the facts of the case. Even this incredibly basic request was denied in a *per curiam* order of April 3, 2023 with zero explanation.

15.    This was despite the fact that Mr. Klayman more than convincingly explained that (1) every other jurisdiction that was considering the issue of reciprocal discipline accepted an identical USB drive for filing, and many even *sua sponte* ordered that one be filed so that they would at least have access to the entire record at the Board level for their review, and (2) it simply would have been impossible to in any efficient or realistic way provide the Panel with paper copies of the entire Board record due to the fact that it was extremely voluminous, with the USB drive itself comprising over 1 gigabyte of data. This, of course, explains why every other jurisdiction either accepted or requested an identical USB drive—it is the only practical way to present the necessary record documents to enable a ruling and determination based on the facts and the law.

16.    *Third*, on the heels of the Panel's frankly unjustified refusal to accept the USB drive, Mr. Klayman then undertook the great time and expense to copy off the transcripts of the lengthy six (6) day hearing before the Ad Hoc Hearing Committee ("AHHC") in the form of a Supplemental Appendix. Mr. Klayman even took the additional time to comb through the transcripts and point out specific portions of the Supplemental Appendix that contained especially relevant and compelling testimonial evidence which shows why that Mr. Klayman did not commit any ethical violations and where the Complainant, Elham Sataki ("Ms. Sataki") was repeatedly impeached.

17.     Even this entirely routine request was unbelievably denied by the Panel consisting of Judges Henderson, Wilkins, and Walker.

18.     Other than as a result of rank retaliation for publishing criticism of members of the D.C. Circuit, as well as filing civil complaints and good faith ethical grievances before the Judicial Council of the D.C. Circuit to investigate bona fide charges judicial misconduct, as set forth in paragraph 20, below, it is frankly, completely incomprehensible why these exceedingly routine and simple requests were denied by the Panel, as there is absolutely no prejudice to the Panel to simply **having access** to the record. As Mr. Klayman argued in his Motion for Additional Time and Oral Argument and Supplement to Motion for Leave to File Supplemental Appendix and Motion to Stay, even if the Panel, at that very moment, in good faith believed that the record was not necessary to make a ruling, there is simply no harm in just **having access** to the record should any issues or questions arise. However, this dogged refusal to even accept access to the record by the Panel can only lead to one possible conclusion – that the Panel has already made up its mind based on extrajudicial factors and bias and prejudice, and that the actual facts contained in the record, no matter how exculpatory, will not change the Panel's predetermined mindset. This is the only possible explanation for the Panel's steadfast refusal to even have access to the record. And, as the Panel is surely aware, such conduct is a clear and unequivocal violation of the oath of office that every federal judge in this Court swore, under oath, prior to taking the bench.

19.     Furthermore, the fact that the Defendants here in the Reciprocal Discipline Proceeding have, at every single step of the way, deviated from the actions of every other relevant jurisdiction in the country is proof positive that they are being driven not by the facts and the law, but on extrajudicial factors and bias a prejudice that are wholly inappropriate for the

Defendants to rely upon. This is far from a logical leap. Every other jurisdiction has taken steps to ensure that they have the most possible information prior to making a ruling – evidencing a mindset of intent to apply the law to the record facts. On the other hand, the Defendants have openly exhibited a mindset of hastily rushing through the Reciprocal Discipline Proceeding with as little information as possible, therefore indisputably evidencing a pre-determined mindset not based on the facts and law.

20.     Then, on top of all the egregious injustices set forth above, the Panel only allotted Mr. Klayman a mere ten (10) minutes for oral argument, despite there being no opposing party, far short of the normal at least twenty (20) minutes allotted to normal oral arguments. This will only be underscored by the near certainty that the Panel will drain most if not all of Mr. Klayman's allotted time with its own prejudicial statements and diatribe  and prevent Mr. Klayman from having any chance to actually present an bona fide oral argument to advance his interests.

21.     The extrajudicial, predetermined biased and prejudicial mindset exhibited by the Defendants is likely due to the fact that Mr. Klayman has named them as Defendants in prior lawsuits, has filed Judicial Council Complaints against them, and has been openly critical of many of the members of the U.S. Court of Appeals for the District of Columbia Circuit in his capacity as a public interest advocate and in his latest book, "*It Takes a Counter-Revolution: Wake Up America!*" (Post Hill Books, 2022). However, as this Court, as well as the Defendants, surely know but do not care, this is not a proper basis upon which to make judicial rulings.

22.     Respectfully, it is not Defendants' job to simply brush off and dismiss  their duties as federal judges that for whatever reason they do not want to do, whether it be due to personal dislike of and animus toward the Appellant, Mr. Klayman, or for other reasons.

Defendants were appointed to perform their duties of applying the law to the facts, regardless of any personal biases. This is required by the oath of office for federal judges:

> I do solemnly swear that I will administer justice **without regard to persons**, and do equal right to the poor and to the rich, and that I will impartially discharge and perform all the duties incumbent upon me as judge under the Constitution and laws of the United States. So help me God. 28 U.S.C. § 453 (emphasis added).

23.     Mr. Klayman has thus been severely harmed by the Defendants, as his due process rights pursuant to the Fourteenth Amendment of the Constitution and the Fifth Amendment to the Constitution have been severely violated, as he has been given absolutely no opportunity for a fair adjudication on the merits on the Reciprocal Discipline Proceeding.

24.     Mr. Klayman therefore respectfully requests injunctive and equitable relief against the Defendants ordering them to (1) accept the USB record for filing, (2) accept the Supplemental Appendix for filing and (3) to thoroughly review both of these submissions in order to enable them to make a ruling that is based in fact and law and not based upon extrajudicial biases and prejudices.

25.     Mr. Klayman further respectfully requests that this matter be transferred to another court which is now considering reciprocal discipline   as this case will necessarily hinge upon members of this Court ruling, inter alia, on the misconduct of their colleagues, in violation of Plaintiff's constitutional and other legal rights, which creates a strong conflict of interest. Transfer to an impartial venue is therefore necessary in the interest of Mr. Klayman's due process and other rights, as well as the interests of justice in general.

### FIRST CAUSE OF ACTION
*Civil Action for Deprivation of Rights*
*Against All Named Defendants*
**Fourteenth Amendment Due Process**

8

26.     Mr. Klayman repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

27.     Defendants' actions and omissions, each and every one of them acting in concert as joint tortfeasors, constituted a violation to Mr. Klayman constitutional rights secured by the Due Process clause of the Fourteenth Amendment.

28.     Defendants denied Mr. Klayman due process by (1) failing to stay the Reciprocal Discipline Proceedings pending the outcome of Mr. Klayman's challenges to the Suspension Order, (2) failing to accept the USB drive containing the Board record for filing, and (3) failing to accept the Supplemental Appendix for filing.

29.     In doing so, Defendants have openly exhibited and, in essence admitted, that they will not be considering the facts and the law with regard to the Reciprocal Discipline Proceeding and will instead be making a decision solely on extrajudicial factors and bias and prejudice.

30.     Thus, Defendants have denied Mr. Klayman due process by taking away meaningful access to the legal system, taking away his ability to meaningfully seek appeal, and taking away his right to have his cases actually heard and considered by the judicial system.

31.     Defendants' actions were intentional, malicious, willful, wanton, and in gross and reckless disregard of Mr. Klayman's constitutional rights.

32.     Mr. Klayman prays for injunctive and equitable relief against the Defendants ordering them to (1) accept the USB record for filing, (2) accept the Supplemental Appendix for filing and (3) to thoroughly review both of these submissions in order to enable them to make a ruling that is based in fact and law and not based upon extrajudicial biases and prejudices.

33.     Mr. Klayman prays that the Reciprocal Discipline Proceeding be transferred to another court which is considering reciprocal discipline,  as this case will necessarily hinge upon

members of this Court ruling on the misconduct of their colleagues, in violation of Plaintiff's constitutional and other legal rights, which creates a strong conflict of interest.

## SECOND CAUSE OF ACTION
### *Civil Action for Deprivation of Rights*
### *Against All Named Defendants*
### Fifth Amendment Due Process

34.     Mr. Klayman repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

35.     Defendants' actions and omissions, each and every one of them acting in concert as joint tortfeasors, constituted a violation to Mr. Klayman constitutional rights secured by the Due Process clause of the Fourteenth Amendment.

36.     Defendants denied Mr. Klayman due process by (1) failing to stay the Reciprocal Discipline Proceedings pending the outcome of Mr. Klayman's challenges to the Suspension Order, (2) failing to accept the USB drive containing the Board record for filing, and (3) failing to accept the Supplemental Appendix for filing.

37.     In doing so, Defendants have openly exhibited and, in essence admitted, that they will not be considering the facts and the law with regard to the Reciprocal Discipline Proceeding, and will instead be making a decision solely on extrajudicial factors and bias and prejudice.

38.     Thus, Defendants have denied Mr. Klayman due process by taking away meaningful access to the legal system, taking away his ability to meaningfully seek appeal, and taking away his right to have his cases actually heard and considered by the judicial system.

39.     Defendants' actions were intentional, malicious, willful, wanton, and in gross and reckless disregard of Mr. Klayman's constitutional rights.

40.     Mr. Klayman prays for injunctive and equitable relief against the Defendants ordering them to (1) accept the USB record for filing, (2) accept the Supplemental Appendix for

filing and (3) to thoroughly review both of these submissions in order to enable them to make a ruling that is based in fact and law and not based upon extrajudicial bias and prejudice.

41.    Mr. Klayman prays that the Reciprocal Discipline Proceeding be transferred to another court which is considering reciprocal discipline where he is admitted, either , as this case will necessarily hinge upon members of this Court ruling on the misconduct of their colleagues, in violation of Plaintiff's constitutional and other legal rights, which creates a strong conflict of interest.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against each of the Defendants, jointly and severally, for declaratory and preliminarily and permanent injunctive relief, and any other further relief the Court deems just and proper, for the prejudicial, intentional, reckless, illegal, unconstitutional and malicious acts of the Defendants, each and every one of them, jointly and severally, against Mr. Klayman. Defendants should thus be ordered to send this matter to another Court which is considering reciprocal discipline and to rule that the entire record should be reviewed to reach a just decision based on the facts and the law, rather than personal bias and prejudice and the apparent agenda to retaliate against Mr. Klayman as set forth above.

Dated: May 1, 2023                    Respectfully submitted,


                                 */s/ Larry Klayman*
                                 Larry Klayman
                                 KLAYMAN LAW GROUP, P.A.
                                 7050 W. Palmetto Park Rd
                                 Boca Raton, FL, 33433
                                 Email: leklayman@gmail.com

                                 *Plaintiff Pro Se*

# KLAYMAN LAW GROUP

### A PROFESSIONAL ASSOCIATION

Larry Klayman, Esq.

7050 W. Palmetto Park Rd
Boca Raton, FL, 33433

Tel: 561-449-0898
leklayman@gmail.com

March 14, 2023

Via Federal Express

Honorable Sri Srinivasan
Chief Judge
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Ave NW
Washington, DC, 20001

**Re: Update to My Letter of February 24, 2023 and Request for a Timely Substantive Response**

Dear Judge Srinivasan:

Please see the enclosed "ruling" of the Panel in my pending reciprocal disciplinary case and please also review the docket of this proceeding.

For the judges on the Panel to  themselves rule on my motion to disqualify, and not honor 28 U.S.C. 144, the Panel outrageously and conspicuously made no factual or legal analysis.

This underscores the merits of my motion to disqualify, which I previously forwarded to you, as they could not even strain to find a  basis to deny it. Thus, they wrote nothing, a complete abdication of their oaths of office and ordinary judicial practice, as well as the applicable provisions of the Code of Judicial Conduct cited in my motion to disqualify.

The brazen unethical judicial arrogance and lawlessness of these federal judges under your supervision as chief judge, who act as they please without consequence, is why you have a duty to step in investigate, and remedy this. Otherwise, you will be guilty of the same unethical and illegal misconduct by covering it all up, as the Judicial Council has done consistently.

Judges on the federal bench are neither a "privileged class" nor a "protected species" and it is time that you begin to represent the interests of the American people, rather than continuing to protect and feather your own nests based on the false view that federal judges are legally untouchable based on alleged lifetime tenure, bogus claims of absolute immunity and the failure of the inert House Judiciary Committee's to commence impeachment proceedings for "bad behavior."

Having not have the professional courtesy of responding to my initial letter, I would therefore appreciate a substantive response to both of my letters to you. I do not think this is too much to

expect as an American citizens and taxpayer who contributes to your salary, pension, and other judicial perks, notwithstanding your role as the chief judge of this Court.

Sincerely,

Larry Klayman, Esq.

cc: Judicial Council As Supplement to Earlier Complaints

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 22-8521**                          **September Term, 2022**

**20-BG-583**

**Filed On:** March 13, 2023

In re: Larry Elliott Klayman,

       Respondent

 

**BEFORE:**    Henderson, Katsas, and Rao, Circuit Judges

## O R D E R

Upon consideration of the motion to recuse, it is

**ORDERED** that the motion be denied.  Respondent has not demonstrated that recusal is warranted.  <u>See</u> 28 U.S.C. § 455.

## Per Curiam

 

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
     Selena R. Gancasz
     Deputy Clerk

# KLAYMAN LAW GROUP

A PROFESSIONAL ASSOCIATION

Larry Klayman, Esq.

7050 W. Palmetto Park Rd
Boca Raton, FL, 33433

Tel: 561-449-0898
leklayman@gmail.com

February 24, 2023

Via Federal Express

Honorable Sri Srinivasan
Chief Judge
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Ave NW
Washington, DC, 20001

## Re: **Policing and Remedying Bias, Prejudice and Judicial Misconduct as Chief Judge in the D.C. Circuit**

Dear Judge Srinivasan:

As you may know, I founded Judicial Watch, Inc. on July 29, 1994, almost 30 years ago, because I had seen the federal judiciary in particular fall victim to what our great Founding Father and third American President Thomas Jefferson predicted would happen:

> Our judges are as honest as other men, and not more so. They have, with others, the same passions for party, for power, and the privilege of their corps…Their power is more dangerous as they are in office or life, and not responsible, as the other functionaries are, to elective control. – *Thomas Jefferson, Letter to William C. Jarvis, 1820*.

Like Jefferson, who as a lawyer as well as a philosopher, architect, educator, farmer and politician, I strongly believe that judges are, in principle, our most important public servants, as they should serve as a check to not just government tyranny, but also to ourselves.

However, with alleged lifetime tenure and not being elected by the people, some federal judges, as Jefferson predicted, would turn into despots and tyrants as unaccountable to the public.

As I explain in my enclosed book "It Takes a Counter-Revolution: Wake Up America!", which also makes reference to a case that involved you and the Islamic Republic of Iran, the members of your bench have become highly politicized, and several have seriously violated the Code of Judicial Conduct.

As the Chief Judge, you have a duty and responsibility to police the federal judges who serve under your authority, and for that reason I am enclosing complaints which I was forced to file before the Judicial Council concerning the Honorable Gregory G. Katsas, Neomi Rao, and Judith

W. Rogers, as well as a motion to have these federal judges recused and/or disqualified from a reciprocal disciplinary proceeding concerning me. Other courts and bars before which I am licensed to practice law have stayed similar proceedings in furtherance of my due process and equal protection rights, and as a matter of fundamental fairness.

Please review these materials and carefully monitor and take remedial action to remedy this matter, particularly since your Judicial Council has consistently and routinely circled the wagons to protect federal judges in your Circuit from any consequence for them acting unethically and improperly.

The events of January 6, 2021, in my opinion as I write in my book, however it is characterized – and it was not an insurrection – resulted primarily from the failure of the federal judiciary to stand in the stead for the American people, but instead to mostly feather the nest of the establishments of both political parties who put them on the bench.

Please therefore review the enclosures and please police and take timely concrete steps to remedy this judicial bias and prejudice and misconduct on your bench.

Finally, I would not do what my current public interest group, Freedom Watch, Inc., and my law firm, Klayman Law Group, P.A., do, if I did not believe in the integrity of the legal system and its federal judiciary. Unfortunately, many of the federal judges on your court have not lived up to and furthered, as Jefferson predicted would occur, these bedrock principles of our democracy.

And just as lawyers who practice before your court must weather criticism from federal judges, when justified, so too must these federal judges weather the criticism of lawyers such as me, when justified, without fear of retaliation as is occurring here.

Sincerely,

Larry Klayman, Esq.

# JUDICIAL COUNCIL OF THE DISTRICT OF COLUMBIA CIRCUIT
## COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001-2866
202-216-7340

This form should be completed and mailed to the above address to the attention of the "Circuit Executive". The envelope should be marked "JUDICIAL MISCONDUCT COMPLAINT" or "JUDICIAL DISABILITY COMPLAINT". Do not put the name of the judge on the envelope.

The "Rules for Judicial-Conduct and Judicial-Disability Proceedings", adopted by the Judicial Conference of the United States, contain information on what to include in a complaint (Rule 6), where to file a complaint (Rule 7), and other important matters. Your complaint (this form and the statement of facts) should be typewritten and must be legible. Only the original form and up to a five page statement of facts should be submitted. No copies are required.

1. Name of Complainant: Larry Klayman

   Address: 7050 W. Palmetto Park Rd, Boca Raton, FL, 33433

   Telephone: (561) 558 - 5336

2. Name(s) of Judge(s) complained about: Hon. Neomi Rao

   Court: U.S. Court of Appeals for the District of Columbia Circuit

3. Does this complaint concern the behavior of the judge(s) in a particular lawsuit or lawsuits?

   ⦿ Yes   ◯ No

   If "yes" give the following information about each lawsuit (use reverse side if more than one):

   Court: U.S. Court of Appeals for the District of Columbia Circui

   Case number: 22-8521

   Are (were) you a party or lawyer in the lawsuit?

   ⦿ Party   ⬤ Lawyer Pro Se   ◯ Neither

   If you are (were) a party and have (had) a lawyer, give the lawyer's name, address, and telephone number:

   Pro Se

   Docket number(s) of any appeals of above case(s) to the Court of Appeals, D.C. Circuit:

   22-8521

4.  Have you filed any lawsuits against the judge?

    ⦿ Yes    ◯ No

    If "yes" give the following information about each lawsuit (use the reverse side if more than one)

    | | |
    |---|---|
    | Court: | U.S. District Court for the District of Coumbia |
    | Case number: | 1:21-cv-02473 |
    | Present status of lawsuit: | On Petition for Writ of Mandamus to Supreme Court |
    | Your lawyer's name: | Pro Se |
    | Address: | 7050 W. Palmetto Park Rd. |
    | Telephone: | (    )    - |

    Court to which any appeal has been taken in the lawsuit against the judge:    D.C. Circuit

    Docket number of the appeal:    21-5269

    Present status of the appeal:    On Petition for Writ of Mandamus to Supreme Court

5.  **Brief Statement of Facts.** Attach a brief statement of the specific facts on which the claim of judicial misconduct or disability is based on up to five single-sided pages (8.5 x 11"). Include what happened, when and where it happened, and any information that would help an investigator check the facts. If the complaint alleges judicial disability, also include any additional facts that form the basis of that allegation. See Rule 6 (a) for further information on what to include in your statement of facts.

**Declaration and Signature:**

I declare under penalty of perjury that the statements made in this complaint are true and correct to the best of my knowledge.

Signature: _____    Date: 02/24/2023 _____

## ATTACHMENT

Attached hereto is Mr. Klayman's Motion to Recuse or to Disqualify the Honorable Gregory G. Katsas, Neomi Rao, and Karen LeCraft Henderson (the "Panel') which has been filed in *In re Klayman,* 22-8521 and which sets forth in detail the facts underlying this Complaint.

First of all, the duty the recuse and/or disqualify oneself is prominently written into the Code of Conduct for United States Judges. **Code of Conduct for United States Judges 3(C)** unequivocally states: (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which: (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

This duty to recuse was clearly evidence here, where the Panel has egregiously violated the following provision of the Code of Conduct for United States Judges:

**Code of Conduct for United States Judges 3(C)(1)(a)**, which states that a judge may not preside over a case where "the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding"

**Code of Conduct for United States Judges 2(A),** which states that "a judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

**Code of Conduct for United States Judges 1**, which states that "an independent and honorable judiciary is indispensable to justice in our society. A judge should maintain and enforce high standards of conduct and should personally observe those standards, so that the integrity and independence of the judiciary may be preserved.

**Code of Conduct 3(A)(1)** states that, which states that "A judge should be faithful to, and maintain professional competence in, the law and should not be swayed by partisan interests, public clamor, or fear of criticism.

**Code of Conduct for United States Judges 3(A)(3)**, which states that, "A judge should be patient, dignified, respectful, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity."

Furthermore, **U.S. Code § 453 - Oaths of justices and judges** has been violated:

Each justice or judge of the United States shall take the following oath or affirmation before performing the duties of his office: "I, ___ ___, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as ___ under the Constitution and laws of the United States. So help me God.

The attached Motion to Recuse or to Disqualify the Honorable Gregory G. Katsas, Neomi Rao, and Karen LeCraft Henderson clearly lays out the facts which show that these provisions of the Code of Conduct for United States Judges have been clearly and egregiously violated.

# JUDICIAL COUNCIL OF THE DISTRICT OF COLUMBIA CIRCUIT
## COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001-2866
202-216-7340

This form should be completed and mailed to the above address to the attention of the "Circuit Executive". The envelope should be marked "JUDICIAL MISCONDUCT COMPLAINT" or "JUDICIAL DISABILITY COMPLAINT". Do not put the name of the judge on the envelope.

The "Rules for Judicial-Conduct and Judicial-Disability Proceedings", adopted by the Judicial Conference of the United States, contain information on what to include in a complaint (Rule 6), where to file a complaint (Rule 7), and other important matters. Your complaint (this form and the statement of facts) should be typewritten and must be legible. Only the original form and up to a five page statement of facts should be submitted. No copies are required.

1.  Name of Complainant:    Larry Klayman

    Address:    7050 W. Palmetto Park Rd, Boca Raton, FL, 33433

    Telephone:    (561) 558 - 5336

2.  Name(s) of Judge(s) complained about:    Hon. Karen LeCraft Henderson

    Court:    U.S. Court of Appeals for the District of Columbia Circuit

3.  Does this complaint concern the behavior of the judge(s) in a particular lawsuit or lawsuits?

    ⦿ Yes    ◯ No

    If "yes" give the following information about each lawsuit (use reverse side if more than one):

    Court:    U.S. Court of Appeals for the District of Columbia Circui

    Case number:    22-8521

    Are (were) you a party or lawyer in the lawsuit?

    ⦿ Party    ⦿ Lawyer Pro Se    ◯ Neither

    If you are (were) a party and have (had) a lawyer, give the lawyer's name, address, and telephone number:

    Pro Se

    Docket number(s) of any appeals of above case(s) to the Court of Appeals, D.C. Circuit:

    22-8521

4. Have you filed any lawsuits against the judge?

    ⦿ Yes    ◯ No

If "yes" give the following information about each lawsuit (use the reverse side if more than one)

| | |
|---|---|
| Court: | U.S. District Court for the District of Coumbia |
| Case number: | 1:21-cv-02473 |
| Present status of lawsuit: | On Petition for Writ of Mandamus to Supreme Court |
| Your lawyer's name: | Pro Se |
| Address: | 7050 W. Palmetto Park Rd. |
| Telephone: | (   )   -   |

Court to which any appeal has been taken in the lawsuit against the judge:    D.C. Circuit

Docket number of the appeal:    21-5269

Present status of the appeal:    On Petition for Writ of Mandamus to Supreme Court

5. **Brief Statement of Facts**. Attach a brief statement of the specific facts on which the claim of judicial misconduct or disability is based on up to five single-sided pages (8.5 x 11"). Include what happened, when and where it happened, and any information that would help an investigator check the facts. If the complaint alleges judicial disability, also include any additional facts that form the basis of that allegation. See Rule 6 (a) for further information on what to include in your statement of facts.

**Declaration and Signature:**

I declare under penalty of perjury that the statements made in this complaint are true and correct to the best of my knowledge.

Signature: _____    Date: 02/24/2023

## ATTACHMENT

Attached hereto is Mr. Klayman's Motion to Recuse or to Disqualify the Honorable Gregory G. Katsas, Neomi Rao, and Karen LeCraft Henderson (the "Panel') which has been filed in *In re Klayman,* 22-8521 and which sets forth in detail the facts underlying this Complaint.

First of all, the duty the recuse and/or disqualify oneself is prominently written into the Code of Conduct for United States Judges. **Code of Conduct for United States Judges 3(C)** unequivocally states: (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which: (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

This duty to recuse was clearly evidence here, where the Panel has egregiously violated the following provision of the Code of Conduct for United States Judges:

**Code of Conduct for United States Judges 3(C)(1)(a)**, which states that a judge may not preside over a case where "the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding"

**Code of Conduct for United States Judges 2(A),** which states that "a judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

**Code of Conduct for United States Judges 1**, which states that "an independent and honorable judiciary is indispensable to justice in our society. A judge should maintain and enforce high standards of conduct and should personally observe those standards, so that the integrity and independence of the judiciary may be preserved.

**Code of Conduct 3(A)(1)** states that, which states that "A judge should be faithful to, and maintain professional competence in, the law and should not be swayed by partisan interests, public clamor, or fear of criticism.

**Code of Conduct for United States Judges 3(A)(3)**, which states that, "A judge should be patient, dignified, respectful, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity."

Furthermore, **U.S. Code § 453 - Oaths of justices and judges** has been violated:

> Each justice or judge of the United States shall take the following oath or affirmation before performing the duties of his office: "I, ___ ___, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as ___ under the Constitution and laws of the United States. So help me God.

The attached Motion to Recuse or to Disqualify the Honorable Gregory G. Katsas, Neomi Rao, and Karen LeCraft Henderson clearly lays out the facts which show that these provisions of the Code of Conduct for United States Judges have been clearly and egregiously violated.

# JUDICIAL COUNCIL OF THE DISTRICT OF COLUMBIA CIRCUIT
## COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001-2866
202-216-7340

This form should be completed and mailed to the above address to the attention of the "Circuit Executive". The envelope should be marked "JUDICIAL MISCONDUCT COMPLAINT" or "JUDICIAL DISABILITY COMPLAINT". Do not put the name of the judge on the envelope.

The "Rules for Judicial-Conduct and Judicial-Disability Proceedings", adopted by the Judicial Conference of the United States, contain information on what to include in a complaint (Rule 6), where to file a complaint (Rule 7), and other important matters. Your complaint (this form and the statement of facts) should be typewritten and must be legible. Only the original form and up to a five page statement of facts should be submitted. No copies are required.

1. Name of Complainant: Larry Klayman

   Address: 7050 W. Palmetto Park Rd, Boca Raton, FL, 33433

   Telephone: (561) 558 - 5336

2. Name(s) of Judge(s) complained about: Hon. Gregory G. Katsas

   Court: U.S. Court of Appeals for the District of Columbia Circuit

3. Does this complaint concern the behavior of the judge(s) in a particular lawsuit or lawsuits?

   ⦿ Yes   ◯ No

   If "yes" give the following information about each lawsuit (use reverse side if more than one):

   Court: U.S. Court of Appeals for the District of Columbia Circui

   Case number: 22-8521

   Are (were) you a party or lawyer in the lawsuit?

   ⦿ Party   ⦿ Lawyer Pro Se   ◯ Neither

   If you are (were) a party and have (had) a lawyer, give the lawyer's name, address, and telephone number:

   Pro Se

   Docket number(s) of any appeals of above case(s) to the Court of Appeals, D.C. Circuit:

   22-8521

4.  Have you filed any lawsuits against the judge?

    ⦿ Yes    ◯ No

    If "yes" give the following information about each lawsuit (use the reverse side if more than one)

    | | |
    |---|---|
    | Court: | U.S. District Court for the District of Coumbia |
    | Case number: | 1:21-cv-02473 |
    | Present status of lawsuit: | On Petition for Writ of Mandamus to Supreme Court |
    | Your lawyer's name: | Pro Se |
    | Address: | 7050 W. Palmetto Park Rd. |
    | Telephone: | ( ) – |

    Court to which any appeal has been taken in the lawsuit against the judge:    D.C. Circuit

    Docket number of the appeal:    21-5269

    Present status of the appeal:    On Petition for Writ of Mandamus to Supreme Court

5.  **Brief Statement of Facts**. Attach a brief statement of the specific facts on which the claim of judicial misconduct or disability is based on up to five single-sided pages (8.5 x 11"). Include what happened, when and where it happened, and any information that would help an investigator check the facts. If the complaint alleges judicial disability, also include any additional facts that form the basis of that allegation. See Rule 6 (a) for further information on what to include in your statement of facts.

**Declaration and Signature:**

I declare under penalty of perjury that the statements made in this complaint are true and correct to the best of my knowledge.

Signature: _____    Date: 02/24/2023 _____

## ATTACHMENT

Attached hereto is Mr. Klayman's Motion to Recuse or to Disqualify the Honorable Gregory G. Katsas, Neomi Rao, and Karen LeCraft Henderson (the "Panel') which has been filed in *In re Klayman,* 22-8521 and which sets forth in detail the facts underlying this Complaint.

First of all, the duty the recuse and/or disqualify oneself is prominently written into the Code of Conduct for United States Judges. **Code of Conduct for United States Judges 3(C)** unequivocally states: (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which: (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

This duty to recuse was clearly evidence here, where the Panel has egregiously violated the following provision of the Code of Conduct for United States Judges:

**Code of Conduct for United States Judges 3(C)(1)(a)**, which states that a judge may not preside over a case where "the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding"

**Code of Conduct for United States Judges 2(A),** which states that "a judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

**Code of Conduct for United States Judges 1**, which states that "an independent and honorable judiciary is indispensable to justice in our society. A judge should maintain and enforce high standards of conduct and should personally observe those standards, so that the integrity and independence of the judiciary may be preserved.

**Code of Conduct 3(A)(1)** states that, which states that "A judge should be faithful to, and maintain professional competence in, the law and should not be swayed by partisan interests, public clamor, or fear of criticism.

**Code of Conduct for United States Judges 3(A)(3)**, which states that, "A judge should be patient, dignified, respectful, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity."

Furthermore, **U.S. Code § 453 - Oaths of justices and judges** has been violated:

> Each justice or judge of the United States shall take the following oath or affirmation before performing the duties of his office: "I, ___ ___, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as ___ under the Constitution and laws of the United States. So help me God.

The attached Motion to Recuse or to Disqualify the Honorable Gregory G. Katsas, Neomi Rao, and Karen LeCraft Henderson clearly lays out the facts which show that these provisions of the Code of Conduct for United States Judges have been clearly and egregiously violated.